UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DONALD TOOLEY, ) | |
| ) | |
| Movant, ) | |
| ) | Civil No. 15-00939-CV-W-FJG |
| v. ) | Criminal No. 05-00211-01-CR-W-FJG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER

Currently pending before the Court is a Motion to Vacate (Doc. #1) filed by movant Tooley.

## I. BACKGROUND

On April 20, 2006, this Court sentenced Tooley to a term of 180 months' imprisonment following his conviction of being a felon in possession of ammunition 18 U.S.C. § 922(g), and after finding he had three qualifying prior convictions that supported imposition of a sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Two of the prior convictions relied upon for the ACCA sentence were for the offense of stealing a motor vehicle under Missouri state law, which this Court at the time found was a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii), the so-called "residual clause" of the ACCA, which defined "violent felony" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

In reliance on Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), where the Supreme Court held that the residual clause of the ACCA was

unconstitutionally vague, Tooley seeks relief under 28 U.S.C. § 2255, and asks this Court to vacate his previous sentence of 180 months and resentence him without application of the ACCA.

## II. DISCUSSION

The Court first finds that Tooley's motion for relief under 28 U.S.C. § 2255 is timely because it is filed within one year of the Supreme Court's decision in Johnson. *See* 28 U.S.C. § 2255(f)(3).

The Court further finds, again without objection from the parties, that Johnson constitutes a new substantive rule of constitutional law that should be applied retroactively to defendants previously sentenced under the ACCA.

In light of Johnson, the court further finds, without objection from the parties, that Tooley's prior Missouri convictions for stealing a motor vehicle no longer qualify as "violent felonies" under the ACCA.

The Court therefore concludes that without the prior Missouri stealing of a motor vehicle convictions, Tooley does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him for sentencing under the ACCA.

Based on the above findings, the Court concludes that Tooley's currently imposed sentence of 180 months is now a per se illegal sentence, not only in violation of the laws of the United States, but also in excess of the 10-year statutory maximum for the federal offense of being a felon in possession of a firearm, and that allowing this sentence to remain intact would violate due process and result in a fundamental miscarriage of justice.

The Court further finds that Tooley's written waiver of his right to personally appear for resentencing [*see* Fed.R.Crim.P. 43(c)(1)(B), permitting a defendant to waive his right to be present at sentencing in a noncapital case by being "voluntarily absent"], was executed knowingly and voluntarily, and the Court is therefore authorized to resentence Tooley without further delay and without his personal appearance.

The Court further finds, without objection from the parties, that Tooley should be resentenced to a term of 120 months, and directs that an amended judgment to that effect be entered in Case No. 05-0211-01-CR-W-FJG, substituting 120 months as the term of imprisonment to replace the previously imposed 180-month imprisonment term, and imposing a three-year term of supervised release while retaining all the previously imposed conditions of release.

Additionally, a hearing having been waived by the defendant, it is hereby ORDERED that the following be added to the conditions of supervised release for the defendant: "If a viable home plan has not been approved by the U.S. Probation Office by the date of release from custody, the defendant shall reside in and satisfactorily participate in a residential reentry center program until an acceptable home plan is approved by the U.S. Probation Office, but not to exceed a period of 60 days."

The Court further finds that because Tooley has already been in custody for more than 120 months by reason of his conviction under 18 U.S.C. § 922(g), he should be released from imprisonment and placed on supervised release without delay.

## III. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** Tooley's Motion to Vacate (Doc. # 1) and vacates Tooley's sentence, and orders Tooley to be sentenced to 120 months imprisonment.


Date: <u>December 1, 2015</u>                                            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                      Fernando J. Gaitan, Jr.
                                                                                        United States District Judge